# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JONATHAN DWAYNE ROBINSON, Defendant. | No. 24-CR-4012-LTS-KEM<br><br>**REPORT AND RECOMMENDATION** |

The indictment in this case charges Robinson with one count of possession of a firearm by a felon and a drug user (marijuana), in violation of 18 U.S.C. §§ 922(g)(1) and (g)(3). Doc. 3. Robinson moves to dismiss the indictment, arguing that the charges violate his Second Amendment rights facially and as applied under the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*.[1] Doc. 50. The Government filed a resistance. Doc. 51. I recommend **denying** the motion in part and **deferring ruling** in part.

Although Robinson states he brings both a facial and as-applied challenge to the constitutionality of § 922(g)(1), his arguments focus on generalities and do not mention his particular circumstances. In any event, as Robinson acknowledges, the Eighth Circuit has rejected both facial and as-applied challenges to the constitutionality of § 922(g)(1) under *Bruen*, holding that "there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant."[2]

---

[1] 597 U.S. 1 (2022).

[2] *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024).

Robinson also seeks to raise an as-applied challenge to § 922(g)(3). He makes no specific arguments about his circumstances. Rather, he argues that because there has been no stipulation of facts, the court should defer ruling on the as-applied challenge until trial.

The Eighth Circuit recently addressed as-applied challenges to § 922(g)(3) in two cases. In *United States v. Cooper*, the Eighth Circuit recognized that § 922(g)(3) may be unconstitutional as applied in some cases.[3] The court recognized that the historical analogs justifying disarming drug users required (1) that "using marijuana made [defendant] act like someone who [wa]s 'both mentally ill and dangerous'" or (2) that the defendant "'induce[d] terror' or 'pose[d] a credible threat to the physical safety of others' with a firearm."[4] The court suggested that § 922(g)(3) would not be constitutional as applied to "'a frail and elderly grandmother' who 'uses marijuana for a chronic medical condition.'"[5] The court remanded for the district court to decide in the first instance whether § 922(g)(3) was unconstitutional as applied to the defendant, who had proceeded to a bench trial on stipulated facts: "that he smoked marijuana three to four times a week," that law enforcement found a firearm in his car during a traffic stop, and that he had last smoked marijuana two days before the traffic stop.[6]

In *United States v. Baxter*, the court noted an as-applied Second Amendment challenge may not be appropriate for pretrial resolution:

> An as-applied Second Amendment challenge . . . "requires courts to examine a statute based on a defendant's individual circumstances." . . .

---

[3] *United States v. Cooper*, 127 F.4th 1092, 1094 (8th Cir. 2025).

[4] *Id.* at 1096 (quoting *United States v. Veasley*, 98 F.4th 906, 913, 918 (8th Cir. 2024); *United States v. Rahimi*, 602 U.S. 680, 700 (2024)).

[5] *Id.* at 1095 (quoting *Veasley*, 98 F.4th at 909-10).

[6] *Id.* at 1094, 1098.

> Pretrial motions, like . . . motion[s] to dismiss, are governed by Federal Rule of Criminal Procedure 12. Under this rule, "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." As the Supreme Court has explained, this rule means that a court may rule on a pretrial motion "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." However, the mere existence of factual issues in a pretrial motion does not preclude a pretrial ruling on the motion. Rather, the rule specifically "contemplates that district courts may sometimes make factual findings when ruling on pretrial motions and requires that the court 'state its essential findings on the record.'" Thus, Rule 12 allows district courts to make some factual findings so long as it states them on the record, but not when an issue is "inevitably bound up with evidence about the alleged offense itself." . . .[7]

The court noted that resolution of the as-applied Second Amendment challenge would require the court to determine "the extent and frequency of [defendant's] drug use and the overlap of [his] drug use with his firearm possession."[8] The court suggested an as-applied challenge would be capable of pretrial resolution if the parties agreed on the facts, or if the court could decide the legal issues based on an assumption that the government's drug use allegations were true.[9] The court held if ruling on the "as-applied challenge requires 'resolving factual issues related to [defendant's] alleged offense, such as the extent of his drug use,' then resolution of the issue is likely improper before trial."[10]

Here, the parties provide no facts surrounding Robinson's marijuana use or firearm possession and agree that the court should defer ruling on the as-applied challenge to § 922(g)(3) until trial. This court agrees.

---

[7] *United States v. Baxter*, 127 F.4th 1087, 1090-91 (8th Cir. 2025) (quoting *Veasley*, 98 F.4th at 909; **Fed. R. Crim. P. 12(b)(1)**; *United States v. Covington*, 395 U.S. 57, 60 (1969); *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016)).

[8] *Id.* at 1091.

[9] *Id.* at 1091.

[10] *Id.* (quoting *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016)).

The court recommends **DENYING IN PART and DEFERRING RULING IN PART** on Robinson's motion to dismiss (Doc. 50). The court recommends denying Robinson's challenge to § 922(g)(1) and deferring ruling on Robinson's as-applied challenge to § 922(g)(3) until the factual record is developed at trial.

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.

**DATED** March 11, 2025.

*Kelly K.E. Mahoney*
Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa