# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. CR24-4012-LTS-KEM |
| vs. | |
| JONATHAN DWAYNE ROBINSON, | **ORDER ON REPORT AND RECOMMENDATION** |
| Defendant. | |

## I.   INTRODUCTION

This case is before me on a Report and Recommendation (R&R) in which the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, recommends that I deny defendant Daniel Smith's motion (Doc. 50) to dismiss the indictment under *Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Doc. 52. Robinson filed timely objections (Doc. 53) and the Government filed a response (Doc. 54). Oral argument is not necessary. *See* Local Rule 7(c).

## II.   BACKGROUND

On February 14, 2024, the Grand Jury returned an indictment charging Robinson with Possession of a Firearm by a Felon and Drug User in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3) and 924(a)(8) (Count 1). Doc. 3. On February 12, 2025, Robinson filed a motion (Doc. 50) to dismiss the indictment based on *Bruen*. Judge Mahoney filed the R&R on March 11, 2025. Doc. 52.

## III.   STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## IV. DISCUSSION

Robinson objects to Judge Mahoney's finding that his facial and as-applied challenges to the constitutionality of 18 U.S.C. § 922(g)(1) fail. Doc. 53 at 1. After

conducting a thorough de novo review, I agree that Robinson's *Bruen* challenge to his § 922(g)(1) charge fails both facially and as applied to Robinson. *See United States v. Cunningham,* 114 F.4th 671, 675 (8th Cir. 2024) ("The longstanding prohibition on possession of firearms by felons is constitutional[.]"); *See also United States v. Jackson,* 110 F.4th 1120, 1125 (8th Cir. 2024) ("[T]here is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)."). As such, Robinson's objections to the R&R are overruled.

Neither party has objected to Judge Mahoney's recommendation that the court defer ruling on Robinson's as-applied challenge to 18 U.S.C. § 922(g)(3). As such, I have reviewed that portion of the R&R for clear error. I agree with Judge Mahoney that ruling on the as-applied challenge to § 922(g)(3) before trial would be premature due to the extensive factual record that must be developed regarding Robinson's alleged marijuana use and firearm possession. Doc. 52 at 2-3 (discussing *United States v. Cooper,* 127 F.4th 1092 (8th Cir. 2025), and *United States v. Baxter,* 127 F.4th 1087 (8th Cir. 2025)). Based on my review of the record, I find no error – clear or otherwise – in Judge Mahoney's recommendation regarding the as-applied challenge to § 922(g)(3).

## V. CONCLUSION

For the reasons stated herein:

1. I **accept** the Report and Recommendation (Doc. 52) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to the Report and Recommendation (Doc. 52), Robinson's motion (Doc. 50) to dismiss the indictment is **denied** except with regard to his as-applied challenge to § 922(g)(3). Ruling on that issue is hereby **deferred** until after the trial of this case.

3

**IT IS SO ORDERED** this 31st day of March, 2025.

_____
Leonard T. Strand
United States District Judge